J-A31045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN VINCENT FERRARO | : | |
| | : | No. 1360 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005863-2013,
CP-09-CR-0005864-2013, CP-09-CR-0005865-2013,
CP-09-CR-0005866-2013

BEFORE:   PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED JANUARY 29, 2018**

Appellant John Vincent Ferraro appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County after Appellant pled guilty to multiple counts of robbery, conspiracy, and related offenses. Appellant's counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009).  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The lower court summarized the factual background and procedural history of this case as follows:

>        On January 6, 2014, Appellant pled guilty on several cases, including the four docket numbers before the Court.  On docket number  CP-09-CR-0005863-2013,  Appellant  pled  guilty  to

_____

\*   Former Justice specially assigned to the Superior Court.

Robbery – Threatening Immediate Serious Bodily Injury;[1] Robbery – Threatening Bodily Injury (two counts);[2] Theft By Unlawful Taking – Moveable Property (two counts);[3] and five counts of Criminal Conspiracy to commit each of the aforementioned offenses.[4] On docket number CP-09-CR-0005864-2013, Appellant pled guilty to Robbery – Threatening Immediate Serious Bodily Injury; Robbery – Threatening Bodily Injury; Robbery – Taking Property of Another by Force,[5] Possession of a Weapon,[6] Theft By Unlawful Taking – Moveable Property; and six counts of Criminal Conspiracy. On docket number CP-09-CR-0005865-2013, Appellant pled guilty to Robbery – Threatening Immediate Serious Bodily Injury; Robbery – Threatening Bodily Injury, and four counts of Criminal Conspiracy. On docket number CP-09-CR-0005866-2013, Appellant pled guilty to Robbery – Threatening Immediate Serious Bodily Injury; Robbery – Threatening Bodily Injury; Robbery – Taking Property of Another by Force, Possession of a Weapon, Theft By Unlawful Taking – Moveable Property, Receiving Stolen Property[7] and six counts of Criminal Conspiracy.

Regarding the underlying conduct, Appellant pled guilty to participating in several armed robberies, with more than a dozen victims, as the getaway driver. On each occasion, Appellant knew his co-conspirator, Jessie Smoot, intended to commit these robberies and knew Mr. Smoot carried a loaded gun. For his participation in the armed robberies, Appellant received a portion of the robbery proceeds, amounting to a meager sum (roughly the equivalent of gas money). The victims in this case range from juveniles to repeatedly victimized persons. At the trial of Mr. Smoot, Appellant cooperated with the Commonwealth and provided credible testimony against Mr. Smoot.

Appellant was sentenced on March 11, 2014. This Court sentenced Appellant to six (6) to twelve (12) years' incarceration on the lead robbery count for each case, to be served

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).
[2] 18 Pa.C.S.A. § 3701(a)(1)(iv).
[3] 18 Pa.C.S.A. § 3921(a).
[4] 18 Pa.C.S.A. § 903.
[5] 18 Pa.C.S.A. § 3701(a)(1)(v).
[6] 18 Pa.C.S.A. § 907(b)
[7] 18 Pa.C.S.A. § 3925(a).

concurrently. This sentence, though imposed on only one count in each case, represented the total aggregate sentence Appellant would have otherwise received in each case had the Court sentenced Appellant on each count served consecutively. This sentencing structure was purposeful to simplify the parole process for Appellant when the time came. The aggregate sentence was in the mitigated range of the sentencing guidelines.

On March 19, 2014, Appellant filed a Motion for Reconsideration of Sentence. After a hearing on August 14, 2014, this Court denied Appellant's Motion.

On September 17, 2015, Appellant filed a *pro se* PCRA petition. Thereafter, PCRA Counsel was appointed and a new PCRA Petition was filed on October 19, 2015. By agreement of the parties, Appellant's PCRA Petition was mutually disposed of by way of stipulation wherein Appellant's direct appeal rights were reinstated, on March 29, 2017.

Appellant filed a Notice of Appeal on April 24, 2017.

Trial Court Opinion, 6/30/17, at 1-3 (footnotes omitted).

Appellant complied with the lower court's direction to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). In this statement, Appellant raised the following issue for review:

The Court erred when denying [Appellant's] post-sentence for reconsideration of sentence because when sentencing the [Appellant] it did not properly, fully, or adequately take into account [Appellant's] relative lack of criminal activity before the episodes underlying these cases, and evidence of his personal background, including his care for his family and his lack of a father, for had it done so, he would have received a lower sentence.

1925(b) statement, 5/18/17, at 1. Thereafter, Appellant's counsel filed a motion to withdraw his representation along with an ***Anders*** brief, conceding that after diligent investigation of the grounds for appeal, he found this appeal to be frivolous.

As an initial matter, we must first review counsel's request to withdraw before evaluating the merits of this appeal. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). An attorney who seeks to withdraw on appeal must comply with the following procedural requirements:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court stated in *Santiago* that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 178-79, 978 A.2d at 361.

On appeal, defense counsel filed an *Anders* brief in which he included a request to withdraw his representation. In the brief, counsel avers that he "has thoroughly reviewed the entire record of this matter, cannot find any

- 4 -

issues of arguable merit, and believes the appeal is wholly frivolous." *Anders* brief at 14. In his application to withdraw, counsel averred that he forwarded a copy of the *Anders* Brief to Appellant together with a letter explaining that while counsel had requested to withdraw his representation, Appellant had his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit.

In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citation to relevant case law, and states his reasoning for his conclusion that this appeal is wholly frivolous. Accordingly, we find counsel has complied with the technical requirements of *Anders* and *Santiago*. Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel. We proceed to examine the issue of arguable merit identified in the *Anders* Brief.

Appellant argues that the sentencing court improperly imposed his sentence without giving proper consideration to a number of factors, including his lack of a prior criminal record, his character, and his lack of paternal support in his childhood. These arguments constitute challenges to the discretionary aspects of Appellant's sentence. It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part

test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S.A. § 9781(b). **Id**.

Appellant filed a timely notice of appeal and had preserved this claim in a timely post-sentence motion. Although we observe that counsel's **Anders** brief does not contain the requisite statement pursuant to Pa.R.A.P. 2119(f), "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [Holmes's] issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

We may now determine whether Appellant has raised a substantial question for our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa.Super. 2015). This Court has provided as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

*Id.* (internal citations omitted).

Appellant asserts that the sentencing court failed to consider mitigating factors such as his lack of a prior record, his character, and the absence of his father during his childhood. "This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Miklos*, 159 A.3d 962, 970 (Pa.Super. 2017) (quoting *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super. 2013)). Although Appellant's argument does not raise a substantial question for our review, we will still address the merits of his claim.

In reviewing a challenge to the discretionary aspects of sentence, we emphasize that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing

court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *See* 42 Pa.C.S.A. § 9781(d)(1)–(4).

A sentence may be found to be unreasonable if it fails to properly account for the four statutory factors, or if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing" as set forth in 42 Pa.C.S.A. § 9721(b), *i.e.*, the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. *Commonwealth v. Walls*, 592 Pa. 557, 569, 926 A.2d 957, 964 (2007).

In this case, the sentencing court imposed four concurrent terms of six to twelve years' incarceration on the most serious robbery counts on each docket (Robbery - Threatening Immediate Serious Bodily Injury: 18 Pa.C.S.A. § 3701(a)(1)(ii)). The robbery offense described in Section 3701(a)(1)(ii) is a first-degree felony. *See* 18 Pa.C.S.A. § 3701(b). We note that "Pennsylvania judges retain broad discretion to sentence up to and including the maximum sentence authorized by statute; the only line that a sentence may not cross is the statutory maximum sentence." *Commonwealth v. Gordon*, 596 Pa. 231, 245, 942 A.2d 174, 182 (2007). The statutory maximum for a first-degree felony is twenty years of imprisonment. *See* 18 Pa.C.S.A. § 1103(1).

Although Appellant's individual sentences are in the aggravated range of the sentencing guidelines, the sentencing court explained that he imposed lengthier sentences solely on the most serious robbery charges on each docket

to account for the aggregate sentence Appellant would have received if the sentencing court had imposed consecutive sentences on each of Appellant's numerous convictions for robbery, conspiracy, theft by unlawful taking, and related offenses. The sentencing court determined that this sentence configuration would simplify the parole process for Appellant. In sum, the sentencing court emphasized that the aggregate sentence of six to twelve years' imprisonment fell within the mitigated range of the sentencing guidelines and was lower than the Commonwealth's recommendation of an aggregate sentence of eight to sixteen years' imprisonment.

At sentencing, the lower court heard testimony from Appellant's mother, grandmother, and Appellant himself. In addition, the sentencing judge indicated that he had reviewed numerous letters from Appellant's family members and friends. Thereafter, the sentencing court thoroughly set forth its rationale for imposing this sentence:

> Well, Mr. Ferraro, you should understand there are a lot of things I have to consider when imposing sentence. … I have to consider the facts of the case, the sentencing guidelines, your nature and character, the impact this has had upon the victims, the impact it's had upon the community, the need to deter you and others from committing these crimes, and I have to take into account your rehabilitative needs.
>
> So there are a lot of things that go into my decision, and I will tell you that unlike most cases, your case is exceedingly difficult for me because I do believe you're quite remorseful, and I do believe you were less culpable.
>
> But I also believe, as the Commonwealth has pointed out, that at some point in this reign of terror that you and Mr. Smoot and Mr. Epp engaged in, that you had to be aware of what was going on.

In other words, you took Mr. Smoot, you knew he had a gun, you knew he was using it, and I'd be a fool if I didn't believe the two of you talked about that. You probably and he probably were unaffected by things that were said in that van. On the way home, such as sticking the gun in someone's face. Those people, as you probably know, were terrorized. So that's the backdrop of this case against which I have to determine what would be an appropriate sentence.

…

And as you might recall from your initial plea, the felony of first-degree robbery carries a maximum penalty of 20 years. So just those five [counts] alone you'd be facing up to 100 years of confinement. So I have to take those guidelines into account.

I also have to take into account the facts as has, again, been pointed out by the Commonwealth. This was a spree or, as I believe, a reign of terror that existed in numerous municipalities across two separate counties and range from Bristol to New Britain over into Montgomeryville and Montgomery Township and Horsham. And I dare say but for the fine efforts of numerous police officers, Mr. Smoot and perhaps you and Mr. Epp might still be doing it. We'll never know because they stopped you. They stopped Mr. Smoot and they stopped this from occurring. And so I have to take that into account as well.

What I find interesting is the family background you have, the family support, and your support from your children. And apparently, from [the] comments and letters that I've received, your grandparents did a terrific job in raising you, and something happened.

As I said, you appear remorseful. You've accepted responsibility. In fact, I have no problem with the preliminary hearing. I know the DA and I perhaps may disagree on that, but I think in a case like this, [defense counsel] would probably be giving you good legal advice as to see what kind of evidence they had. But when it came time, you stood up and did the right thing. You even brought the evidence to the police. You didn't call your lawyer. You brought in the evidence.

And again, I might dare say notwithstanding the jury's verdict, I thought he was a very convincing witness, [defense counsel]. I thought he was credible. And what's really troubling to me is that he did this for gas money. It's as if Mr. Smoot had some

intoxicating effect over you that you just got in the car and drove him to these heinous crimes. I don't know if anyone can explain that. I don't know if you can explain it.

The letters I received on your behalf indicate that you're always there for your family, you're a hard worker, generous, devoted, thoughtful, courteous, and respectful. And those are all character traits that contradict the conduct that you engaged in with Mr. Smoot. So I have a great deal of information about your character and your background.

I've considered the particular facts of this case and the impact it's had upon the victims and the community which we know is considerable. In fact, the victims, each and every one of them, testified that they were terrified. You weren't there for it, of course. You were in the van waiting. But they were terrified at what happened to them in the cold and callous nature in which these offenses took place.

And so I think on balance there is a requirement for me to consider all of those things, and to impose a sentence of anything other than total confinement would depreciate the seriousness of these offenses.

Now, I've heard the Commonwealth's recommendation, and I will say to you that it is, in light of all that has conspired, quite generous. But I think when I hear your arguments or the arguments of [defense counsel] and I read the letters from your family, I'm not so convinced that eight years is what's required in your case. It's going to be a substantial sentence, and you're going to have to spend that time hopefully being rehabilitated and coming out with a different perspective on things that will help you appreciate what you have, and that's a good family and good family support. Perhaps you took them for granted and perhaps you did something that everybody characterized as a mistake. But nevertheless, you're in this position, and you have to spend some time in the state institution. And those are the reasons for my sentence.

\*\*\*

[Imposition of sentence]

\*\*\*

In any event, I think that, again, the sentence takes into account the level of cooperation, your level of culpability, your remorse, and the Commonwealth's recommendation that you be sentenced

to a mitigated sentence, and that's what I've attempted to accomplish in imposing that sentence.

Notes of Testimony (N.T.) Sentencing, 3/11/17, at 41-49.

The sentencing court considered the ample evidence offered by Appellant and was aware of Appellant's suggested mitigating factors and the applicable sentencing guidelines prior to the imposition of Appellant's sentencing. For the reasons cited *supra*, the sentencing court credited most of Appellant's evidence and decided that a mitigated range sentence was appropriate. Although Appellant would like to have a lesser sentence, the record clearly shows that the lower court properly exercised its discretion and considered all the relevant sentencing factors in determining the appropriate sentence. ***See Commonwealth v. Mouzon,*** 828 A.2d 1126, 1128 (Pa. Super. 2003) (An "appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference").

After conducting an independent review of the issue identified by counsel in his ***Anders*** brief, we agree that it does not have arguable merit. Appellant did not file a response to counsel's ***Anders*** brief and request to withdraw. Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Panella joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/29/18</u>